IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKY MOUNTAIN CLEAN AIR ACTION<br>1536 Wynkoop, Suite 302<br>Denver, Colorado 80202,<br><br>WILDEARTH GUARDIANS<br>312 Montezuma Ave.<br>Santa Fe, NM 87501<br><br>    Plaintiffs,<br><br>        v.<br><br>STEPHEN L. JOHNSON, in his official<br>Capacity as Administrator, United States<br>Environmental Protection Agency,<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I.    INTRODUCTION**

1.    Plaintiffs Rocky Mountain Clean Air Action and WildEarth Guardians challenge the failure of Defendant Stephen L. Johnson, in his official capacity as Administrator of the Environmental Protection Agency ("EPA" or "Defendant"), to perform his non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q.  Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V permit.  42 U.S.C. § 7661d(b)(2).  Defendant has failed to meet this deadline with respect to a petition filed by Rocky Mountain Clean Air Action

seeking EPA's objection to a Clean Air Act operating permit that the Colorado Department of Public Health and Environment, Air Pollution Control Division ("APCD") issued to the Cemex, Inc. cement plant near Lyons, Colorado ("Cemex"). Rocky Mountain Clean Air Action filed its' Cemex petition with EPA on December 27, 2006. Rocky Mountain Clean Air Action also issued a 60-day notice of intent to sue letter to EPA on May 21, 2008. Despite the passage of over seven months since the date of the Cemex petition and over two months since the date of the notice letter, to date EPA has not responded to the Cemex petition.

## II.     JURISDICTION, VENUE AND NOTICE

2.     This is a Clean Air Act citizen suit. Thus this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a)(2), and has authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act and the Administrative Procedure Act are federal statutes. The Defendant is an agent of the United States' government. Thus this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant). Defendant Stephen L. Johnson is an officer of the United States. An actual controversy exists between the parties. This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus this Court has authority to order the declaratory relief requested under 28 U.S.C. §§ 2201. If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

3.     A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, Defendant Stephen L. Johnson

officially resides in the District of Columbia.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

4. On May 21, 2008, Rocky Mountain Clean Air Action mailed a letter via certified first-class mail to Defendant Stephen L. Johnson stating that Rocky Mountain Clean Air Action intended to sue Defendant for failure to respond to the Cemex petition for an objection to the Cemex Title V permit within 60 days.   EPA sent Rocky Mountain Clean Air Action a letter confirming EPA received Rocky Mountain Clean Air Action's letter dated May 21, 2008 on June 25, 2008.  More than 60 days have passed since Defendant received the notice of intent to sue letter.  Defendant has not acted to remedy the violations alleged in this complaint.  Therefore, an actual controversy exists between the parties.

### III.   PARTIES

5. Plaintiff ROCKY MOUNTAIN CLEAN AIR ACTION ("RMCAA") is a non-profit corporation with its headquarters in Denver, Colorado.  RMCAA is actively involved in environmental protection advocacy as part of its mission to protect clean air in Colorado and the surrounding Rocky Mountain region for the health and sustainability of local communities.  As one method of achieving its organizational mission, RMCAA participates in permitting procedures for facilities that emit pollution.  RMCAA provided comments on the Cemex Title V permit.  RMCAA's organizational interest in participating in and influencing the permit decision making process is threatened by EPA's failure to respond to RMCAA's Cemex petition.

6. RMCAA's members and volunteers live, work, recreate, garden and engage in economic activities in and around the Cemex cement plant near Lyons, and will continue to do so on a regular basis in the future. As a result, RMCAA's members and volunteers breathe air and recreate in an environment containing pollutants released by the Cemex cement plant.

Emissions from the Cemex cement plant are causing harm to their health, aesthetic interests, and to the ecosystems in which they live, work and recreate, and will continue to do so in the future. Because Defendant has not responded to its petition, RMCAA's members and volunteers cannot be certain that Cemex's Title V permit conforms with the Clean Air Act's requirements. EPA's failure to respond thus prevents RMCAA's members and volunteers from being certain that the Cemex Title V permit protects them from exposure to pollutants emitted by that facility which at times are in excess of legal limits and/or violate the terms and conditions of its permits, the Clean Air Act, and/or the Colorado Air Pollution Control Act.

7. Plaintiff WILDEARTH GUARDIANS ("Guardians") sues on behalf of itself and its adversely affected members. WildEarth Guardians is a new non-profit environmental organization created on January 28, 2007, by the merger of three organizations: Forest Guardians; Sinapu; and Sagebrush Sea Campaign. WildEarth Guardians has over 4,500 members, some of whom reside in the District of Columbia, but most of whom reside in the Inter-Mountain West including Colorado. WildEarth Guardians has an active endangered species protection campaign, geographically focused on the southern Great Plains, desert Southwest, Colorado Plateau and Rocky Mountains. As part of this campaign, WildEarth Guardians works to ensure the health of the ecosystem in Rocky Mountain National Park which is a prime location for the re-introduction of wolves into Colorado.

8. WildEarth Guardians' members and volunteers live, work, recreate, garden and engage in economic activities in and around the Cemex cement plant near Lyons, and will continue to do so on a regular basis in the future. As a result, WildEarth Guardians' members and volunteers breathe air and recreate in an environment containing pollutants released by the Cemex cement plant. Emissions from the Cemex cement plant are causing harm to their health,

aesthetic interests, and to the ecosystems in which they live, work and recreate, and will continue to do so in the future. Because Defendant has not responded to the Cemex petition, WildEarth Guardians' members and volunteers cannot be certain that Cemex's Title V permit conforms with the Clean Air Act's requirements. EPA's failure to respond thus prevents WildEarth Guardians' members and volunteers from being certain that the Cemex Title V permit protects them from exposure to pollutants emitted by that facility which at times are in excess of legal limits and/or violate the terms and conditions of its permits, the Clean Air Act, and/or the Colorado Air Pollution Control Act.

9. For the foregoing reasons, EPA's failure to respond to the Cemex petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries which the Court can redress through this case.

10. Defendant STEPHEN L. JOHNSON is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing the Clean Air Act, including the requirement to grant or deny the Cemex petition within 60 days.

## IV. LEGAL BACKROUND

11. The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act created an operating permit program that applies to all major sources of air pollution – the Title V permit program. See 42 U.S.C. §§ 7661-7661f.

12. A primary purpose of the Title V permitting program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to a source of emissions. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003). Major sources of air pollution cannot

legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

13. The Clean Air Act provides that the Administrator of EPA may approve states' programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The Administrator has approved Colorado's administration of its Title V permit program. 65 Fed. Reg. 49,919 (Aug. 16, 2000). The Colorado Department of Public Health and Environment, Air Pollution Control Division ("APCD") is responsible for issuing Title V permits in Colorado.

14. Before a Title V permit can be issued by a state with an approved Title V permit program, the State must forward the proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1).

15. After EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

16. Once it receives a petition for objection to a proposed Title V permit, EPA must grant or deny that petition within 60 days. Id.; New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002).

## V. STATEMENT OF FACTS

### BACKGROUND

17. The Cemex, Inc. Lyons cement plant is a Portland cement plant located near Lyons, Boulder County, Colorado. The Cemex plant is located within 100 kilometers of the Rocky Mountain National Park and the Rawah Wilderness Area.

18. The Cemex plant emits volatile organic compounds, hazardous air pollutants including mercury, particulate matter, sulfur dioxide and nitrogen oxides.

19. Colorado APCD issued a draft Title V operating permit to Cemex (Permit No. 95OPBO082) and granted the public a 30- day period to comment on this draft permit.

20. Rocky Mountain Clean Air Action submitted written comments on the Cemex Title V permit to Colorado APCD on February 2, 2006.

21. Colorado APCD subsequently proposed the Cemex Title V permit to EPA for review on or about December 6, 2007.

22. EPA did not object on its own initiative to the Cemex Title V permit during its 45-day review period. This 45-day period expired on or about January 20, 2008.

23. Pursuant to 42 U.S.C. § 7661d(b)(2), Rocky Mountain Clean Air Action thus had until on or around March 21, 2008 to petition EPA for an objection to the permit. EPA received the Cemex petition for an objection to the permit on no later than March 20, 2008.

24. The Cemex petition raised numerous issues with respect to the Cemex Title V permit, including, but not limited to, that that the Cemex Title V Permit fails to ensure compliance with Prevention of Significant Deterioration ("PSD") and Nonattainment New Source Review ("NSR") requirements and fails to include a compliance schedule to bring the Lyons Cement Plant into compliance with PSD and Nonattainment NSR requirements. Rocky Mountain Clean Air Action's arguments were raised with reasonable specificity in Rocky Mountain Clean Air Action's comments to Colorado APCD during the initial public comment period.

25. EPA had until no later than May 19, 2008 to grant or deny the Cemex Title V petition. 42 U.S.C. § 7661d(b)(2). However, EPA neither granted nor denied the petition within

the statutory period. EPA still has not granted or denied the petition as of date of filing this Complaint.

## VI.  CLAIM FOR RELIEF

FAILURE TO RESPOND TO THE CEMEX PETITION FOR OBJECTION

(42 U.S.C. § 7661d(b)(2))

26.	Each allegation set forth in the Complaint is incorporated herein by reference.

27.	EPA has a mandatory duty to respond within 60 days to the Cemex petition requesting that EPA object to the Cemex Title V Operating Permit pursuant to 42 U.S.C. § 7661d(b)(2).

28.	It has been more than 60 day since EPA received the Cemex petition requesting EPA object to the Cemex Title V permit.

29.	As of the date of the filing of this Complaint, Defendant has not granted or denied the Cemex petition.

30.	Defendant's failure to grant or deny the Cemex petition constitutes a failure to perform an act or duty that is not discretionary with Defendant within the meaning of Clean Air Act § 304(a)(2). 42 U.S.C. § 7604(a)(2).

31.	Therefore, EPA has violated, and remains in violation of, its non-discretionary duty to grant or deny the Cemex petition within 60 days, as required by 42 U.S.C. § 7661d(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

A)	Declare that Defendant's failure to grant or deny the Cemex petition for an objection to the Cemex Title V permit constitutes a failure to perform an act or duty that is not discretionary with the Defendant within the meaning of  42 U.S.C. § 7604(a)(2);

B) Order the Defendant to grant or deny the Cemex petition for an objection to the Cemex Title V permit in accordance with an expeditious schedule prescribed by the Court;

C) Retain jurisdiction over this action to ensure compliance with the Court's Order;

D) Award Plaintiffs their costs of litigation, including reasonable attorneys' fees; and

E) Grant such other relief as the Court deems just and proper.

Respectfully submitted,

\_\_\_/s/ Robert Ukeiley\_\_
Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

Counsel for Plaintiffs

DATED: August 13, 2008

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Rocky Mountain Clean Air Action & WildEarth Guardians

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
STEPHEN L. JOHNSON, in his official ) Capacity as Administrator, United States ) Environmental Protection Agency,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Law Office of Robert Ukeiley
435 R Chestnut Street Suite 1
Berea, KY 40403
859-986-5402

Case: 1:08-cv-01422
Assigned To : Roberts, Richard W.
Assign. Date : 8/14/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA* *(non-employment)* | ○ L. *Other Civil Rights* *(non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
the failure of Defendant Stephen L. Johnson, to perform his non-discretionary duties under the Clean Air Act, 42 U.S.C. § 7604(a)(2)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 8/13/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.